Orazio STANTINI, Petitioner,

v.

UNITED STATES, Respondent.

No. 97 CV. 3659(ILG).

United States District Court,
E.D. New York.

Dec. 4, 1997.

Orazio Stantini, pro se.

Valerie Caproni, Asst. U.S. Atty., Brooklyn, NY, for U.S.

*MEMORANDUM AND ORDER*

GLASSER, District Judge.

Orazio Stantini and his co-defendant, Robert Bisaccia, were convicted of conspiracy to commit murder and murder following a jury trial held in this court in November, 1993. Stantini was subsequently sentenced to 324 months in prison and Bisaccia to life in prison.

On April 11, 1994, Stantini, represented by counsel, moved for a new trial based on Rule 33, Fed.R.Cr.P. and 28 U.S.C. § 2255. He claimed that his Sixth Amendment right to counsel was violated because his attorney was laboring under a conflict of interest that adversely affected his representation of Stantini during plea negotiations and thereafter at trial. Following oral argument, his motion was denied in a Memorandum and Order dated April 12, 1995, familiarity with which is assumed. That determination was affirmed by the Court of Appeals in *United States v. Stantini*, 85 F.3d 9 (2d Cir.1996).

In this second motion pursuant to 28 U.S.C. § 2255, filed *pro se* on June 5, 1997, Stantini seeks an order that would vacate or set aside his conviction and sentence. He bases this motion once again on ineffective assistance of counsel and adds a violation of the government's *Brady* obligations. In a letter response, the Government asserts that this is a second or successive motion, filed without the prior authorization of the Court of Appeals as required by 28 U.S.C. § 2244(b)(3) and requests that this court transfer the motion to the Court of Appeals for the Second Circuit in the interest of justice, pursuant to 28 U.S.C. § 1631 and in accordance with the teaching of *Liriano v. United States*, 95 F.3d 119, 121 (2d Cir.1996).

Following the Governments' response, the court received a letter from David Schoen, an attorney in Montgomery, Alabama, who advised that "he had agreed to assist Mr. Orazio Stantini with the litigation of his motion filed pursuant to 28 U.S.C. § 2255." It is unclear whether Mr. Schoen is acting in his capacity as counsel for Mr. Stantini, never having filed a notice of appearance, or merely as a friend. Putting aside the impropriety of a party appearing simultaneously *pro se* and by counsel, *O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 868 (2d Cir.1982); *United States v. Mitchell*, 137 F.2d 1006, 1010 (2d Cir.1943), the court will entertain the points raised in reply to the Government's response, which are as follows: (1) Because no civil docket number was assigned to Mr. Stantini's previous motion, it should not be deemed a motion properly filed under 28 U.S.C. § 2255(2). Since the previous motion was filed prior to the imposition of sentence upon Stantini, it cannot be a § 2255 motion. The caption to § 2255 reads: "Federal custody; remedies on motion attacking sentence." The motion itself is styled as one "to vacate, set aside, or correct sentence by a person in custody." Thus, argues Stantini, since he had not yet been sentenced when his previous motion was filed, it was simply a motion pursuant to Rule 33, Fed.R.Cr.P. and not a prior petition precluding consideration of this one without first invoking the gatekeeping function of the Court of Appeals.

Although Stantini is correct that the caption of § 2255 reads as indicated above and his motion is styled as stated above, for the reasons hereafter discussed, the Government's request that this motion be transferred in accordance with *Liriano* is granted.

## DISCUSSION

Because the first motion was brought pursuant to § 2255 but before sentence was imposed, the narrow and interesting question is whether this motion is a "second or successive motion" contemplated by section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (§ 2255) or a "second or successive habeas corpus petition" contemplated by section 106 of the AEDPA (§ 2254). It is also interesting to note that

neither this court's order of April 12,1995 nor the opinion of the Court of Appeals took cognizance of the fact that the motion they addressed was brought prior to sentence. The Rule 33 prong of the motion was dismissed summarily as being untimely. The § 2255 prong was discussed at some length by both courts. The Court of Appeals introduced its discussion of the issues as follows at 85 F.3d 12–13:

> Following oral argument, but without holding an evidentiary hearing, Judge Glasser denied the motion. The judge ruled that (1) insofar as the motion sought relief under Criminal Rule 33, it was untimely; and (2) insofar as the motion sought relief under § 2255, "[t]he submissions in support of [the motion] are facially insufficient" and therefore "a hearing is not warranted." In support of the latter conclusion, the judge held that Stantini did not establish that, with respect to plea negotiations, Carnesi was laboring under an actual conflict of interest and that Carnesi's alleged concerns about the effect of a Stantini guilty plea upon Mannino in the Southern District case were realistic. Further, Stantini had failed to demonstrate that a plausible alternative defense strategy or tactic had not been pursued at trial because of Carnesi's representation of Mannino.

That court concluded that "the district court did not err in denying an evidentiary hearing." 85 F.3d at 19. That determination is patently a reference to the second paragraph of § 2255, which requires the court to grant a prompt hearing on the motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," and is persuasive in evidencing the belief of both this court and the Court of Appeals that it was a § 2255 motion they were addressing. In this regard, it is significant to note that § 2255 provides in part that:

> An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

■ Giving currency to Stantini's contention that his first motion should be disregard-

ed would permit a § 2255 motion to be brought before sentence and, if denied, another brought after sentence and, if denied, yet another brought thereafter, thus continuing the abuse of the habeas corpus process Congress sought to eliminate.

■ Turning first to the contention that because no civil docket number was assigned to Mr. Stantini's previous motion it should not be deemed a petition properly filed under § 2255, calls to mind the wise and oft-cited observation of Justice Holmes that "a page of history is worth a volume of logic." *New York Trust Co. v. Eisner,* 256 U.S. 345, 349, 41 S.Ct. 506, 507, 65 L.Ed. 963 (1921). The relevant page of history is found in the dissenting opinion of Justice Brennan in *United States v. Frady,* 456 U.S. 152, 182, 102 S.Ct. 1584, 1601–02 (1982):

> In enacting 28 U.S.C. §§ 2254 and 2255, Congress could not have been more explicit: Section 2254 provided for a separate civil action, but a § 2255 motion was "a further step in the criminal case in which petitioner is sentenced." S.Rep. No. 1526, 80th Cong., 2d Sess., 2 (1948)…. The Advisory Committee's Notes for the § 2255 Rules emphasize repeatedly that a proceeding under § 2255 is a continuation of the criminal trial and not a civil proceeding. Advisory Committees' Notes § 2255 to Rules 1, 3, 11, 12….

A cursory examination of those notes is enlightening. For example, in the notes to Rule 1, the Advisory Committee wrote: "[S]ection 2255 provides that, if the judge finds the movant's assertions to be meritorious, he 'shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.' *This is possible because a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action…. "* (Emphasis added.) In the notes to Rule 3, the Advisory Committee wrote: "There is no filing fee required of a movant under the rules. *This is … done to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack."* (Emphasis added.) In Rule 12, the Advisory Committee's notes inform that: "This rule differs from

rule 11 of the § 2254 rules in that it includes the Federal Rules of Criminal Procedure as well as the civil. *This is because of the nature of a § 2255 motion as a continuing part of the criminal proceeding … as well as a remedy analogous to habeas corpus by state prisoners."* (Emphasis added.)

Although research has not uncovered a precedent precisely in point, *Andrews v. United States,* 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963) is surely instructive, if not determinative. The petitioners in that case were convicted and sentenced in the District Court for the Southern District of New York. Their convictions were affirmed upon appeal but the cases were remanded for sentencing for the reason that the trial judge erred in believing he could not suspend sentence and grant probation. Upon remand, the petitioners were resentenced but denied the opportunity to speak on their own behalf prior to imposition of sentence. They subsequently moved the district court to vacate their sentences and resentence them based upon being denied that opportunity. Their motions were denominated by them as being made pursuant to Rule 35, Fed.R.Crim.P. and were filed in the district court under the docket number of the original criminal case. The district court granted their motions and directed that they be returned for resentencing. The government appealed and resentencing was stayed pursuant to its motion. The Court of Appeals was asked by the petitioners to consider their motions as filed in the original criminal case under Rule 35 and hold that the government could not appeal the trial court's rulings because they did not come within the limited purview of the Criminal Appeals Act, 18 U.S.C. § 3731. The Court of Appeals rejected that request and treated the motions instead as having been brought under the provisions of 28 U.S.C. § 2255. It then held that its appellate jurisdiction was properly invoked and reversed the orders of the district court for the reason that the sentencing court's failure to comply with Rule 32(a) did not furnish a ground for collateral relief.

On appeal to the Supreme Court, the petitioners argued that the government had no right to appeal the district court's orders.

Without reaching the merits, the Court agreed, set aside the judgment of the Court of Appeals and remanded the case to the district court for resentencing. In so deciding, the Court held that the Court of Appeals was correct in treating the motion as having been brought pursuant to § 2255, notwithstanding that the motions were denominated as being brought pursuant to Rule 35, Fed.R.Crim.P. It wrote:

> [I]n this area of the law, as the Court of Appeals pointed out, "adjudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents." (Citations omitted).[1]

The Court went on to hold that the Court of Appeals did not have jurisdiction because the orders of the district court were interlocutory and not final. It wrote:

> For a federal prisoner § 2255 can perform the full service of habeas, by effecting the immediate and unconditional discharge of the prisoner.... But the provisions of the statute make clear that in appropriate cases a § 2255 proceeding can also be utilized to provide a more flexible remedy. In the present cases neither of the petitioners ever asked for his unconditional release. What they asked, and were granted, was the vacation of the sentences they were serving so that they may be returned to the trial court to be resentenced in proceedings in which their right to allocution would be accorded them. Such a remedy is precisely authorized by the statute.... And in response to such a motion [under § 2255] a district court is expressly authorized to "discharge the prisoner ... or grant a new trial ... as may be appropriate."

373 U.S. at 339, 83 S.Ct. at 1239.

The Court went on to hold that there was no final disposition of the § 2255 proceedings until the petitioners were resentenced.

The fact that the motion in *Andrews* was brought pursuant to Rule 35, Fed.R.Crim.P., and filed under the criminal docket number did not preclude the Court from correctly considering the motion as one brought pursuant to § 2255. Here, the prior motion was expressly filed pursuant to § 2255 as well as Rule 33. In any event, the significant point is that "adjudication of the underlying merits of claims" should not be dependent upon how the litigants style them.

Regardless of the label attached to Stantini's motion, the Rule 33 prong having been dismissed, the jurisdictional predicate for entertaining what remained was the ancient writ of *habeas corpus ad subjiciendum* —the "Great Writ"—codified in the statutory provisions of Chapter 153 of Title 28 (§§ 2241–2255) titled "Habeas Corpus." Section 2241 of Title 28, captioned "Power to grant writ" provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions....
>
> . . . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> . . . .
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress or an order, process, judgment or decree of a court or judge of the United States;....

Stantini was in custody pursuant to an order of this court following the jury's verdict that he was guilty of the crimes with which he was charged when his first motion was filed. That that motion was one for habeas corpus relief and intended as such is clearly manifested by the "Memorandum of Law in Support of Orazio Stantini's Application For A New Trial Pursuant to Rule 33 and 28 U.S.C. § 2255." That Memorandum is devoted entirely to advancing Stantini's Sixth Amendment right to the effective assistance of counsel and the concluding sentence thereof, on page 38 reads: "For the foregoing reasons, Mr. Stantini's motion for a new trial *or, in the alternative, his petition for habeas cor-*

---

1. In *Hensley v. Municipal Court,* 411 U.S. 345, 350, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973), the Court expressed the same view perhaps a trifle more elegantly, in these words: "[W]e have consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements."

*pus relief,* should be granted." (Emphasis added).

The historical evolution of § 2255 is traced in *United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). A judgment of conviction by a court having jurisdiction in the matter was, at common law, conclusive on the legality of confinement. That common law rule was changed by Act of Congress in 1867 (now incorporated in 28 U.S.C. § 2241), which conferred jurisdiction upon district courts "to determine whether a prisoner has been deprived of liberty in violation of constitutional rights, although the proceedings resulting in incarceration may be unassailable on the face of the record." 342 U.S. at 212, 72 S.Ct. at 268–69. Habeas corpus petitions greatly increased following that Congressional enactment. Because many such petitions were frivolous and meritless when reviewed in the light of the record of the sentencing court, and, since the habeas petition had to be brought in the district of confinement where the record of the sentencing court was not readily available, serious administrative problems developed. 342 U.S. at 212–214, 72 S.Ct. at 268–70.

The Judicial Conference of the United States addressed these problems by proposing a procedure that would enable a prisoner to collaterally attack his conviction in the sentencing court. That proposal was the forerunner of § 2255. 342 U.S. at 214–15, 72 S.Ct. at 269–71. Concluding its review of the history of § 2255, the Court wrote at 342 U.S. 219, 72 S.Ct. 272:

> This review of the history of Section 2255 shows that it was passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts. Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. *On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights*

*in another and more convenient forum.* (Emphasis added).

That historical review makes plain beyond a peradventure of a doubt that § 2255 is in every respect the progeny of the common law writ of habeas corpus permitting it to be entertained in a "more convenient forum." Title I of the AEDPA addresses "Habeas Corpus Reform" and toward that end amends §§ 2254 and 2255 by section 104–106 thereof. The reform was designed to "curb the abuse of the statutory writ of habeas corpus," one manifestation of which was the filing of successive petitions for such relief. See, Joint Explanatory Statement of the Committee on Conference. This motion for habeas relief filed after the earlier one is a "second or successive" motion, *Galtieri v. United States,* 128 F.3d 33, 37 (2d Cir.1997), which must hurdle the gate kept by the Court of Appeals to curb such abuse of the statutory writ.

The essence of the abuse to which second or successive motions asserting habeas corpus rights give rise, regardless of the label placed upon the assertion, is eloquently described by Justice Harlan in *Mackey v. United States,* 401 U.S. 667, 691, 91 S.Ct. 1160, 1179, 28 L.Ed.2d 404 (1971):

> No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved.[2]

The foregoing drives this court to conclude that this motion is a second or successive motion at which Congress took aim by enacting 28 U.S.C. § 2244(b)(3) and, in obedience to the teaching of *Liriano,* this motion is transferred to the United States Court of Appeals for the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631.

SO ORDERED.

---

2. The same view was expressed by Justice O'Connor thusly in *United States v. Frady, supra* at 164–65, 102 S.Ct. at 1592–93: "Our trial and appellate procedures are not so unreliable that we

may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks."