Miguel DeJesus LIRIANO,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

Docket 96–8030.

United States Court of Appeals,
Second Circuit.

Aug. 28, 1996.

As Amended Oct. 7, 1996.

**120**

Miguel DeJesus Liriano, pro se, Petitioner–Appellant.

Before: MAHONEY, McLAUGHLIN and JACOBS, Circuit Judges.

PER CURIAM:

Petitioner-appellant Miguel DeJesus Liriano purported to file a motion for relief pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of New York on June 17, 1996. His motion contended that the government had violated his Fifth Amendment and Sixth Amendment rights by allowing a potential defense witness to leave the United States, and that his trial counsel had been ineffective in allowing this to occur. It also asserted that his application should not be deemed impermissibly successive to a prior § 2255 motion that he had filed because at the time the prior motion was filed, Liriano had lost his trial transcript and could not present the grounds advanced in his present motion without it. Finally, Liriano argued that an evidentiary hearing on his present § 2255 motion was required.

On July 18, 1996, the district court, Thomas P. Griesa, *Chief Judge,* issued a "transfer order" that stated in pertinent part:

The Court's records show that petitioner has brought a previous application for relief under 28 U.,S.C. § 2255. See *Liriano v. United States,* 94 Civ. 0557 (JFK). As recently amended, 28 U.S.C. § 2255 provides:

"[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Subsection [ (b)(3) ](C) of ... 28 U.S.C. § 2244 states:

"[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."

Therefore, petitioner must move in the court of appeals for permission to pursue this application. For petitioner's benefit, this Court notes that any motion to the Circuit must show that the new claim being raised by the instant application relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or [that] the claim is based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. § 2255.

Since it appears that petitioner submitted the instant application to this court unaware of the recent amendment to the statute requiring the court of appeals to authorize this filing, we transfer this mat-

ter to the United States Court of Appeals for the Second Circuit in the interest of justice. 28 U.S.C. § 1631.

The recent amendment to which the district court referred was enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) (the "AEDPA"). Section 105 of the AEDPA, 110 Stat. 1220, amends § 2255 to add, *inter alia,* the following provision:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 101 of the AEDPA, 110 Stat. 1217, makes a corresponding amendment to 28 U.S.C. § 2244 (adding a new subsection (d)) with respect to petitions for habeas corpus by state prisoners.

Section 105 of the AEDPA also amends § 2255 to provide that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The cross-reference is to § 2244(b)(3), which, as amended by § 106 of the AEDPA, 110 Stat. 1221, provides the following procedural requirements for second or successive petitions by state prisoners seeking habeas corpus that present one or more new grounds for relief:[1]

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

The "requirements of this subsection" to which reference is made in § 2244(b)(3)(C) are that:

---

1. We do not decide the extent to which the cross reference in § 2255 to § 2244 incorporates the provisions of § 2244(b)(3). Subdivisions (A) and (B) of § 2244(b)(3) are substantially duplicated in § 2255. Subsection (C) provides the standard for certification, has no counterpart in § 2255, and therefore apparently applies to § 2255. The applicability to § 2255 of subdivisions (D) and (E) of § 2244(b)(3), which require courts of appeals to grant or deny authorization to file a second or successive habeas corpus petition within thirty days of the filing of a motion for such authorization and bar an appeal from or petition for rehearing of such a grant or denial, should be decided in a case where these issues are properly presented and briefed.

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

■ Liriano's § 2255 motion is clearly a "second or successive motion" within the meaning of § 2255; it raises claims concerning the same conviction to which his prior § 2255 motion was addressed. Subsequent to the issuance of the district court's transfer order, which recited the gatekeeping requirements of the AEDPA, Liriano filed a "supplemental brief" seeking permission to pursue his § 2255 motion in the district court. Liriano's supplemental brief substantially constitutes the motion envisioned by § 2244(b)(3)(A), and will be treated as satisfying the motion requirement. However, his motion does not even arguably satisfy the criteria for relief specified in §§ 2255 and 2244(b)(2); it contends that the AEDPA itself constitutes the "new rule of constitutional law" envisioned by §§ 2255 and 2244(b)(2)(A). Liriano's motion is accordingly denied; his § 2255 motion may not be filed in the district court.

The merits of Liriano's motion would not ordinarily prompt a published opinion. We write, however, to establish the procedure to be followed when, as occurred in this case, a second or successive petition for habeas corpus by a state prisoner, or § 2255 motion by a federal prisoner, is filed in a district court in this circuit unaccompanied by the required § 2244(b)(3) motion.

Chief Judge Griesa cited 28 U.S.C. § 1631 as the authority for the transfer order that he entered in this case. Section 1631, entitled "[t]ransfer to cure want of jurisdiction," provides in pertinent part:

Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ..., and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

■ The legislative history of § 1631 indicates that "Congress contemplated that the provision would aid litigants who were confused about the proper forum for review." *American Beef Packers, Inc. v. I.C.C.*, 711 F.2d 388, 390 (D.C.Cir.1983) (per curiam) (citing S.Rep. No. 275, 97th Cong., 2d Sess. 11 (1981), *reprinted in* 1982 U.S.C.C.A.N. 11, 21). In determining whether a transfer is in the interest of justice, the equities of dismissing a claim when it could be transferred should be carefully weighed. *Franchi v. Manbeck*, 947 F.2d 631, 634 (2d Cir.1991) (citing *Hempstead County and Nevada County Project v. EPA*, 700 F.2d 459, 463 (8th Cir.1983)). Factors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely, *see id.*, and a finding that the original action was filed in good faith, *see Hempstead County*, 700 F.2d at 463.

These considerations are clearly applicable to cases where a second or successive petition for habeas corpus relief or § 2255 motion is filed directly in a district court. The filing will almost invariably reflect ignorance concerning the new procedural requirements of § 2244(b)(3), rather than an effort to circumvent those requirements. Further, there will be some delay between the filing in district court and that court's ascertainment that it is presented with a second or successive application. In this case, the delay was thirty-one days. If the district court then dismisses the application, a further delay will occur before the prisoner presents his application to this Court, accompanied by the motion required by § 2244(b)(3). An issue

could then be presented whether only the second application to this Court would be considered in determining the applicant's compliance with the applicable one-year limitations period (imposed either by § 2244(d) or by § 2255). The utilization of § 1631 precludes this potential difficulty, since § 1631 explicitly provides that the filing date for limitations purposes will be the date of the initial filing in the district court.

 It is important that this situation be addressed by a clear and comprehensive procedure throughout the Second Circuit. We accordingly rule that when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631, as was done in this case.

 The Clerk of this Court will then send a notice to the petitioner or movant that a motion must be filed pursuant to § 2244(b)(3). The notice will explain the substantive requirements that such a motion must satisfy, and advise the petitioner or movant that: (1) the motion pursuant to § 2244(b)(3) must be filed in this Court within forty-five days of the date of the Clerk's notice; and (2) if the motion is not so filed, an order will be entered denying authorization for the underlying petition for habeas corpus or § 2255 motion to be filed in district court.[2]

 In accordance with § 1631, the petition for habeas corpus or § 2255 motion will be deemed filed, for purposes of the one-year limitation periods established by §§ 2244(d) and 2255, on the date of its initial filing in the district court. The thirty-day period specified by § 2244(b)(3)(D) for this Court to grant or deny authorization for a district court filing will commence upon "the filing of the motion," § 2244(b)(3)(D), in response to the previously described notice by the Clerk of this Court.[3]

 Finally, in the interests of completeness, we note that no filing fee will be required in connection with § 2244(b)(3) motions. *Cf. Reyes v. Keane,* 90 F.3d 676, 678 (2d Cir.1996) (partial fee payments required by Prison Litigation Reform Act of 1995 inapplicable to habeas corpus petitions). Section 2244(b)(3) motions are analogous to such "gatekeeping" motions as motions for permission to appeal under 28 U.S.C. § 1292(b) or *id.* § 636(c)(5), or motions for leave to appeal filed by sanctioned litigants, for which no filing fee is required. Because the permission sought is to maintain an action in the district court, in the event that a § 2244(b)(3) motion is granted, the filing fee should be assessed by the district court. In the case of a petition for habeas corpus, the fee is $5.00. *See* 28 U.S.C. § 1914(a). No fee is charged for a § 2255 motion. *See* Rule 3 Governing Section 2255 Proceedings for the United States District Courts advisory committee's note.

---

**2.** The entry of such an order does not bar a subsequent petition for habeas corpus or § 2255 motion accompanied by a proper motion to this court for authorization to file the petition in the appropriate district court, assuming that the subsequent filing can be made before expiration of the applicable one-year statute of limitations.

**3.** As previously stated, *see supra* note 1, we do not decide whether § 2244(b)(3)(D) applies to applications for authorization to file § 2255 motions.