**Philip A. JIMENEZ, aka Philip A. Taylor, Petitioner,**

v.

**David MILLER, Superintendent, Respondent.**

**No. 95–CV–1659 (RSP/DNH).**

United States District Court, N.D. New York.

Jan. 24, 1997.

Philip A. Jimenez, Napanoch, NY, pro se.

Dennis C. Vacco, Attorney General, Department of Law, Albany, NY (Terrence X. Tracy, Assistant Attorney General, of counsel), for Respondent.

**ORDER**

POOLER, District Judge.

The above matter comes to me following a report-recommendation by Magistrate Judge David N. Hurd, duly filed on the 22nd day of August, 1996. Following ten days from the service thereof, the Clerk has sent me the entire file, including any and all objections filed by the parties herein. Petitioner Philip A. Jimenez filed objections.

In August of 1983, Jimenez was indicted in Onondaga County, New York, on charges of murder in the second degree and criminal possession of a weapon in the fourth degree. Respondent Notice of Motion, Dkt. No. 8, Ex. B. On January 31, 1984, Jimenez pled guilty to murder in the second degree in full satisfaction of the indictment. Petition, Dkt. No. 1.

After exhausting his state remedies Jimenez commenced his first habeas corpus proceeding in this court on August 15, 1990. Respondent Notice of Motion, Dkt. 8, Ex. B. In his petition, Jimenez claimed that he was under the influence of antipsychotic medications on the day he pled guilty and as a result did not understand the charges against him or the consequences of pleading guilty. *Id.* at Ex. A. Senior District Judge Howard

G. Munson dismissed Jimenez's first petition on February 15, 1991. *Id.* at Ex. C (*Jimenez v. Walker,* No. 90 Civ. 731 (N.D.N.Y.1991)). On August 5, 1991, the Second Circuit Court of Appeals denied Jimenez's appeal. *Id.* at Ex. E.

Jimenez filed his second petition for a writ of habeas corpus in this court on November 22, 1995. Petition, Dkt. No. 1. In his second petition, Jimenez alleged that he was denied effective assistance of counsel and that he did not plead guilty voluntarily or with a full understanding of the nature of the plea or the charges against him. Petition, Dkt. No. 1. In his report-recommendation, Magistrate Judge Hurd recommended that I dismiss Jimenez's petition because Jimenez "failed to show acceptable cause why the grounds newly raised in the petition before the court could not have been previously raised." *Id.* at 6. Jimenez objected to the magistrate judge's recommendation arguing that as a pro se petitioner he lacked adequate skills to bring his first petition and was, at the time he filed the first petition, unaware of the legal grounds under which he now seeks relief. Objections, Dkt. No. 13. For the reasons set forth below, I deny Jimenez's objections as moot, and I decline to adopt the magistrate judge's recommendation. Instead, I transfer Jimenez's habeas corpus petition to the United States Court of Appeals for the Second Circuit.

On April 24, 1996, President Clinton signed into law significant amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, the sections of the United States Code which govern habeas corpus proceedings in federal courts. These amendments, part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[1] include extensive changes in the standards and procedures federal courts are to apply when faced with second or successive petitions for writs of habeas corpus under 28 U.S.C. § 2254. Pursuant to these amendments, 28 U.S.C. § 2244(b) now requires individuals who seek to file a second or successive habeas corpus petition to obtain leave of the appropriate court of appeals for an order authorizing the district court to consider such second or successive application. 28 U.S.C. § 2244(b)(3)(A).[2]

■ In *Liriano v. U.S.,* 95 F.3d 119, 122–23 (2d Cir. Aug. 28, 1996),[3] the Second Circuit discussed the procedure to be followed when a second or successive petition for habeas corpus is filed by a state prisoner and unaccompanied by the required § 2244(b)(3) motion. The Court held that:

> [W]hen a second or successive petition for habeas corpus relief ... is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631.[4]

*Id.*

■ Although Jimenez's petition was filed prior to the enactment of the AEDPA, the Second Circuit has held that certain procedural requirements of the AEDPA are applicable to second or successive habeas petitions retroactively. *See Reyes v. Keane,* 90 F.3d

---

1. Pub.L. No. 104–132, 110 Stat. 1214 (1996).

2. As amended, 28 U.S.C. § 2244(b)(3) now reads, in part, as follows:

     \*      \*      \*      \*      \*      \*

   (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
   (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. § 2244(b)(3)(A).

3. I note that Judge Hurd issued his report-recommendation on August 22, 1996.

4. Section 1631, entitled "[t]ransfer to cure want of jurisdiction," provides in pertinent part:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ..., and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

28 U.S.C. § 1361.

676, 680 (2d Cir.1996) (holding that the certificate of appealability provision of the AEDPA applies to a habeas corpus petition filed before the AEDPA's effective date). *See Beyah v. New York State Department of Correctional Services*, 1996 WL 550376 (N.D.N.Y. Sept. 25, 1996) (Scullin, J.) (transferring a petition filed prior to the enactment of the AEDPA). I recognize that transfer of Jimenez's petition at this stage of the proceedings may seem an ineffective use of judicial resources. However, were I to adopt the magistrate judges report-recommendation, Jimenez would likely appeal the decision to the Circuit, as he did in his first petition, requiring the Circuit to consider the merits of his petition. In this instance, both Jimenez's interests and the interests of justice will be better served by having the Circuit consider the merits of Jimenez's second petition under the new standards provided in the AEDPA.

Therefore, because Jimenez has previously filed a petition seeking habeas relief under § 2254, and he has not filed the motion authorizing this Court to consider such application with the Second Circuit, it is hereby

**ORDERED,** that this action is transferred to the United States Court of Appeals for the Second Circuit for the reasons stated above; and it is further

**ORDERED,** that the Clerk shall serve a copy of this Order on petitioner by certified mail.

**IT IS SO ORDERED.**

### *REPORT—RECOMMENDATION*

DAVID N. HURD, United States Magistrate Judge.

### I. *INTRODUCTION*

This matter was referred to the undersigned for a Report–Recommendation by the Honorable Rosemary S. Pooler, pursuant to the local rules of the Northern District of New York. Petitioner Philip A. Jimenez ("Jimenez") brings this 28 U.S.C. § 2254 Habeas Corpus petition to challenge the lawfulness of his incarceration. In this, Jimenez's second challenge to his incarceration, new grounds are raised in his petition. First, he argues that he was denied effective assistance of counsel. Second, petitioner asserts that his conviction was obtained by a plea of guilty not made voluntarily with a full understanding of the nature of the plea or the nature of the charge.

### II. *FACTS*

Petitioner was indicted in August 1983, by an Onondaga County Grand Jury of murder in the second degree and criminal possession of a weapon in the fourth degree. Following his arraignment, a state Supreme Court Justice ordered Jimenez to be given a psychiatric examination pursuant to New York Criminal Procedure Law Article 730. Two psychiatrists reported to the court that petitioner was competent to stand trial. However, petitioner was prescribed four types of antipsychotic drugs.

On January 31, 1984, petitioner was given his dose of four prescription psychotropic medications by the Onondaga County Jail nurse, and four hours later pled guilty to the top count in his indictment. On February 28, 1984, Jimenez was sentenced to a term of twenty (20) years to life in prison. The conviction was affirmed by the Appellate Division, Fourth Department, on December 18, 1987. In October 1989, petitioner moved to vacate judgment of his conviction pursuant to New York C.P.L. § 440.10. The Supreme Court of Onondaga County denied the motion on November 16, 1989. Permission to appeal was denied by the Appellate Division, Fourth Department, on March 26, 1990.

Petitioner subsequently petitioned for a writ of habeas corpus to the United States District Court, Northern District of New York. Petitioner argued that his conviction was obtained by a plea of guilty which was not lawfully secured and not made voluntarily with the understanding of the charges and the consequences of the plea because he was given antipsychotic drugs before he pled guilty. In a Report–Recommendation, Ralph W. Smith, Jr., United States Magistrate Judge, recommended that the petition be dismissed. *Jimenez v. Walker*, No. 90 Civ. 731 (N.D.N.Y. Nov. 21, 1990). The Report–Recommendation was adopted in full, and the petition was dismissed by Senior District

Judge Howard G. Munson. *Jimenez v. Walker*, No. 90 Civ. 731 (N.D.N.Y. Feb. 15, 1991).

In his most current petition for a writ of habeas corpus, Jimenez argues that at no time in the state proceedings against him was he made aware of the element of intent required for a conviction of murder in the second degree. Secondly, petitioner argues that he was denied effective assistance of counsel, because his counsel in the state proceedings allegedly told him erroneously that if convicted after trial, the maximum that he would be sentenced to would be thirty-five (35) years to life imprisonment, where instead, the correct maximum would have been twenty-five (25) years to life in prison.

Respondent argues that the petition should be dismissed because it raises new grounds which were not raised in the first habeas corpus petition. Respondent argues that the failure to raise the issues complained of at bar constitutes "abuse of the writ." Rule 9(b) of the Rules Governing 28 U.S.C. § 2254 cases permits the district court to dismiss successive petitions based on "new or different" grounds, and respondent has thus moved for summary judgment.

## III. *DISCUSSION*

### A. *Abuse of the Writ*

The state must plead the defense of abuse of the writ affirmatively. *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Once the defense has been pled adequately, the petitioner bears the burden of showing that he or she has not abused the writ. *Id.* "To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom". *Id.* To show cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts" in the prior petition. *Id.* at 493, 111 S.Ct. at 1470, (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Once a petitioner has established cause, "he must show 'actual prejudice' re-

sulting from the errors of which he complains." *McCleskey* at 494, 111 S.Ct. at 1470, (quoting *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). In certain rare cases, the court retains the authority to issue a writ of habeas corpus even when the petitioner fails to show cause and/or prejudice. These cases are cases which are "implicating a fundamental miscarriage of justice." *Id.* The instance where a court should grant the petition is, in other words, left for the occasion where a "constitutional violation probably has caused the conviction of one innocent of the crime." *Id.* Furthermore, "[t]he petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that the petitioner can not satisfy the standard." *Id.*

In the case at bar, petitioner has failed to show cause why he failed to previously bring the grounds alleged in his current petition. Petitioner argues that he did not exhaust his state court remedies with respect to these claims until 1995,[1] and that it would thus not have been possible to include them in his first federal petition. The Supreme Court has noted that such arguments do not satisfy the cause requirement to excuse petitioner of his failure to raise the claim in the first petition. The court in *McCleskey* cites *Rose v. Lundy*, 455 U.S. 509, 521, 102 S.Ct. 1198, 1204–05, 71 L.Ed.2d 379 (1982) (plurality opinion), where it was held that a prisoner who proceeds with exhausted claims in a first federal petition and sets aside nonexhausted claims risks dismissal of subsequent federal petitions. *McCleskey*, 499 U.S. at 488–489, 111 S.Ct. at 1467–68.

Jimenez has failed to demonstrate why he should be excused from having his second petition dismissed as an abuse of the writ. Petitioner's new claims are not associated with the discovery of any new evidence, and all of the facts constituting this claim were available to petitioner when he filed his first petition for habeas corpus. Further, as mentioned above, the petitioner must establish

---

**1.** According to the petitioner, the grounds raised in the petition were litigated in state court, Jimenez having moved to vacate judgment pursuant to N.Y.C.P.L. § 440.10. In his petition, Jimenez claims that his motion was denied on January 3, 1995. Petition at ¶ 11(b).

that an external impediment prevented him from including in his prior petition the grounds alleged in the petition at bar. There is no evidence that any external impediment prevented Jimenez from alleging in his prior petition that he was not made aware of the fact that one of the elements of murder in the second degree was "intent," and that he was denied effective assistance of counsel.

Because the petitioner has not been able to establish sufficient cause, the court does not find it necessary to ponder whether petitioner suffered actual prejudice, as cause and prejudice are both required to excuse petitioner to bring a successive writ.

Thus, the only question remaining is whether a miscarriage of justice will result from the dismissal of the petition for abuse of the writ. The court finds that a fundamental miscarriage of justice will not result, of the magnitude described in *McCleskey*. The court observes that petitioner at no time in any materials submitted to the court made an allegation that he is, in fact, innocent. Rather, Jimenez does not deny that he killed, but argues he did not intend to kill. Thus, the court finds that a fundamental miscarriage of justice will not occur if the petition is dismissed, or the motion for summary judgment is granted.

Therefore, because the petitioner has failed to show acceptable cause why the grounds newly raised in the petition before the court could not have been previously raised, the court recommends that the motion for summary judgment be granted, and the petition be dismissed.

Accordingly, it is

RECOMMENDED, that the petition be dismissed.

Pursuant to 28 U.S.C. § 636(b)($l$), the parties have ten days within which to file written objections to the foregoing report. *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992). Such objections shall be filed with the Clerk of the Court with a copy to be mailed to the chambers of the undersigned at 10 Broad Street, Utica, New York 13501. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)($l$); Fed.R.Civ.P. 72, 6(a), 6(e); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993); *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2d Cir.1989); and it is

ORDERED, that the Clerk of the Court serve a copy of this Report–Recommendation, by regular mail, upon the parties to this action.

Dated: August 22, 1996
Utica, New York