**Orazio STANTINI, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Docket No. 97–3643.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 25, 1998.

Decided April 1, 1998.

David Schoen, Montgomery, AL, of counsel, for Petitioner.

Zachary W. Carter, U.S. Atty. for Eastern Dist. of New York, Peter A. Norling, Valerie Caproni, Asst. U.S. Atty's for Eastern Dist. of New York, Brooklyn, NY, of counsel, for Respondent.

Before: WINTER, Chief Judge,
PARKER, Circuit Judge, and
SCHWARZER*, District Judge.

PARKER, Circuit Judge:

Petitioner Orazio Stantini ("Stantini") moves, pursuant to 28 U.S.C. §§ 2244 and 2255, for leave to file a second or successive motion to vacate, set aside or correct a sentence pursuant to § 2255. This motion arises from a § 2255 motion, filed June 5, 1997 by Stantini in the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*)(the "1997 § 2255 Motion"). The district court, in a Memorandum and Order filed December 11, 1997, held that the 1997 § 2255 Motion was a second or successive such motion, and in accordance with this Court's holding in *Liriano v. United States*, 95 F.3d 119, 121–22 (2d Cir.1996) (per curiam), as well as 28 U.S.C. §§ 1631, 2244 and 2255, transferred it to this Court wherein it was converted into the motion seeking leave to file a second or successive § 2255 motion now before this Court. *See Stantini v. United States*, 986 F.Supp. 736 (E.D.N.Y.1997).

## I. BACKGROUND

In November of 1993, Stantini and a codefendant, Robert Bisaccia, were convicted of conspiracy to commit murder in aid of racketeering and murder in aid of racketeering in violation of 18 U.S.C. §§ 1952B(a)(5) & 1952B(a)(1) following a trial before the district court and a jury. While in custody following his conviction but before he was sentenced, Stantini, acting through newly substituted counsel, filed a motion pursuant to Fed.R.Crim.P. 33 and what was styled a motion pursuant to § 2255 (the "Initial Motion"), both seeking a new trial. In those motions, Stantini claimed that he had been denied his Sixth Amendment right to counsel because his trial counsel was acting under an actual conflict of interest, and that he was therefore entitled to a new trial. The district court heard argument on the motions, but declined to hold an evidentiary hearing. After argument, the district court denied the motions, holding that the Rule 33 motion was untimely, and that the Initial Motion was not sufficiently factually supported. In June of 1995, the district court sentenced Stantini to 324 months' imprisonment, and Stantini timely appealed his conviction to this Court.

In that appeal, Stantini argued the same Sixth Amendment point raised in the Initial Motion, and asserted that the district court erred in refusing to hold an evidentiary hearing thereon. Stantini also claimed that his conviction should be reversed because the district court failed to properly inquire into the alleged conflict of interest, and that the district court erred in its jury charge. This Court affirmed the judgments of conviction against Stantini, finding Stantini's claims to be without merit. *United States v. Stantini*, 85 F.3d 9 (2d Cir.1996).

As noted above, on June 5, 1997, Stantini, proceeding *pro se*, filed the 1997 § 2255 Motion in the district court. In this motion Stantini again argued violations of his Sixth Amendment rights; however, this time he claimed violations based on the alleged ineffectiveness of his *appellate* counsel, who was also his counsel on the Initial Motion. Stantini also contended that the government committed a violation of its obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In response to this filing, the government argued that the 1997 § 2255 Motion was a second or successive such motion, and that according to the "gatekeeping provisions" of § 2255 and 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), the district court should transfer the 1997 § 2255 Motion to this

---

* The Honorable William W. Schwarzer, Senior Judge of the United States District Court for the Northern District of California, sitting by designation.

Court in accordance with the teachings of *Liriano,* 95 F.3d at 121–22.

Following the government's response, Stantini, now acting through counsel, filed a letter with the district court arguing that the 1997 § 2255 Motion was not second or successive because the Initial Motion is not properly considered a § 2255 motion because it was never assigned a civil docket number, and because it was filed prior to the imposition of a sentence. The district court, in a Memorandum and Order, held that the Initial Motion was properly considered a § 2255 motion, and therefore transferred the 1997 § 2255 Motion to this Court in accordance with *Liriano.* Before this Court, therefore, is a motion, pursuant to §§ 2244 and 2255, for leave to file a second or successive § 2255 motion.

## II. DISCUSSION

Section 2255, as amended by AEDPA, provides, in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

.    .    .    .    .

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence ...; or

(2) a new rule of constitutional law....

28 U.S.C. § 2255. Section 2244(b)(3), in turn, provides for certain procedural aspects of this Court's review of such motions. *See* 28 U.S.C. § 2244(b)(3)(C)-(E); *see also Triestman v. United States,* 124 F.3d 361, 366–67 (2d Cir.1997) (holding that § 2244(b)(3)(D)-(E) are to be read so as to apply to § 2255); *Liriano,* 95 F.3d at 121 n. 1 (holding that § 2244(b)(3)(C) is apparently to be read as to apply to § 2255).

■ Applying the statutory language of § 2255 to this case, it becomes immediately clear that the Initial Motion was not a motion made pursuant to § 2255. The statute explicitly states that "[a] prisoner in custody *under sentence of a court* " may bring such a motion, for the purpose of vacating, setting aside, or correcting *"the sentence."* 28 U.S.C. § 2255 (emphasis added). Simply, as Stantini was not in custody under a sentence at the time he filed the Initial Motion and at the time that motion was decided, it is not properly considered a § 2255 motion. This reading is further confirmed by the language of § 2244(a), which states that no federal court "shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person *pursuant to a judgment of a court of the United States ...* except as provided in section 2255." 28 U.S.C. § 2244(a) (emphasis added).

■ The Initial Motion is properly characterized as a motion for a writ of habeas corpus made pursuant to § 2241(c)(1) or (c)(3) as Stantini was in federal custody, though not pursuant to a judgment or a sentence, at the time it was made and decided. These conclusions are not inconsistent with this Court's prior holdings in either Stantini's initial appeal or *United States v. Dukes,* 727 F.2d 34 (2d Cir.1984).

In *Dukes,* a defendant moved, prior to sentencing, pursuant to both §§ 2241 and 2255, as well as to Rule 33, to vacate or set aside his conviction. Before the district court (Cabranes, *J.*) ruled on these motions, it sentenced the defendant. Subsequent to sentencing, the district court held hearings on the motions, and eventually denied them in their entirety. *Id.* at 37–38.

On appeal, this Court treated the habeas motion as made pursuant to § 2255, *see id.* at 40 n. 4, and noted that it, unlike the Rule 33 motion, was not time-barred because § 2255, as in effect at that time, specified no period of limitation during which such a motion can be brought. *Id.* at 41. This Court then noted that "collateral attack is not a substitute for direct appeal and petitioners are therefore generally required to exhaust direct appeal before bringing a petition under § 2255." *Id.* Nonetheless, because the dis-

trict court had expended significant resources in ruling on the motion, this Court reached the merits of the defendant's petition and affirmed the judgment of conviction. *Id.*

*Dukes* is clearly distinguishable from this case. First, as *Dukes* was decided long before AEDPA, it certainly did not involve the question of when any gatekeeping provision of AEDPA is triggered. Second, and most importantly, this Court in *Dukes* expressly noted that the motion in question was not properly filed under § 2255, as direct appeal had not been exhausted, and that we were reaching the merits of the motion only in interests of conserving judicial resources. Further, in *Dukes,* the district court ruled on the habeas motion only after sentencing the defendant. Thus, *Dukes* does not supply support for the proposition that a motion filed before both sentencing and direct appeal should be considered as a § 2255 motion for purposes of the gatekeeping provisions of AEDPA.

Neither do this Court's holdings in Stantini's initial appeal undermine our conclusions. In the initial appeal, this Court did not address the issue of how exactly to characterize Stantini's motion, and simply addressed Stantini's substantive claims. *See Stantini,* 85 F.3d at 13–21. The fact that this Court addressed the claims first raised in the Initial Motion does not, however, mean that we therefore considered it to be a § 2255 motion. We note that the initial appeal was a direct appeal of Stantini's conviction, in which ineffective assistance claims could properly be, and in fact should be, raised. *See Billy–Eko v. United States,* 8 F.3d 111, 115 (2d Cir.1993). Therefore, the simple fact that, in the initial appeal, this Court reviewed claims presented by Stantini in the Initial Motion does not necessarily imply that we considered that motion as one properly filed and made pursuant to § 2255.

Given our conclusion that the Initial Motion is not properly considered to have been made and filed pursuant to § 2255, the gatekeeping provisions of AEDPA do not apply to the 1997 § 2255 Motion. *Chambers v. United States,* 106 F.3d 472, 474 (2d Cir. 1997) (Winter, *C.J.*) (holding "that a petition asserting a claim to relief available under 28 U.S.C. § 2255 is not a 'second or successive' application where the prior petition(s) sought relief available only under 28 U.S.C. § 2241"). Leave to file a second or successive motion is therefore unnecessary in this case. *See id.* We note that we express no opinion as to the merits of any of Stantini's claims in the 1997 § 2255 Motion, or as to whether they may be otherwise barred, or subject to dismissal on other grounds. We emphasize that we hold only that because the Initial Motion was not made pursuant to § 2255, the 1997 § 2255 Motion is not second or successive and its consideration by the district court therefore does not require our leave.

## III. CONCLUSION

For the foregoing reasons, the motion seeking leave to file a second or successive motion pursuant to § 2255 is denied as unnecessary, and the 1997 § 2255 Motion is transferred to the district court for further proceedings.