**K. Dexter MURRAY, Petitioner–Appellant,**

v.

**Thomas RICKS, Superintendent, Respondent–Appellee.**

Docket No. 01–2034.

United States Court of Appeals, Second Circuit.

Sept. 4, 2002.

Vida M. Alvy, Alvy & Jacobson, New York, NY, for Appellant.

Thomas M. Ross, Assistant District Attorney, Kings County, N.Y. (Charles J. Hynes, District Attorney, and Leonard Joblove, Assistant District Attorney, on the brief), for Appellee.

Present JACOBS, LEVAL and KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Dexter Murray appeals from the order entered in the United States District Court for the Eastern District of New York (Johnson, *J.*) dismissing *sua sponte* his petition for a writ of habeas corpus, filed in 2000 (the "2000 Application"). The 2000 Application was dismissed on the ground that it is time-barred under 28 U.S.C. § 2244(d)(1).

Before a "second or successive" habeas application can be entertained by the district court, the petitioner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A), as amended by § 106 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, § 106, 110 Stat. 1217, 1220 (1996); *Liriano v. United States*, 95 F.3d 119 (2d Cir.1996). Murray's 2000 Application repeats two of the claims made in a prior habeas application filed in 1996 (the "1996 Application"). Pursuant to § 2244(b)(3)(A), the district court transferred the 1996 Application to this Court as a successive application, as all of the claims raised by Murray in a

1991 habeas application had been fully adjudicated on the merits. *Murray v. McGinnis*, No. 96–CV–4302 (E.D.N.Y. 1997). On April 8, 1997, this Court denied Murray authorization to file the 1996 Application.

Since Murray's 2000 Application raises claims presented to this Court when it denied authorization to file his 1996 Application, Murray is in effect asking us to reconsider or rehear that denial, something we lack power to do. Pursuant to § 2244(b)(3)(E), the "denial of an authorization by a court of appeals to file a second or successive application shall not ... be the subject of a petition for rehearing." Murray's 2000 Petition is therefore properly dismissed.

The judgment of the district court is hereby **AFFIRMED.**