**Antonio PABON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 13 Civ. 5301(BMC).**

United States District Court, E.D. New York.

Dec. 26, 2013.

Antonio Pabon, FCI Otisville, Federal Correctional Institution, pro se.

Christopher Nasson, U.S. Attorney's Office, for Respondent.

### MEMORANDUM DECISION AND ORDER

COGAN, District Judge.

Petitioner brings this proceeding for habeas corpus relief under 28 U.S.C. § 2255, seeking to vacate the sentence that I imposed for a Hobbs Act robbery. *See United States v. Pabon,* No. 08 Cr. 743 (E.D.N.Y. Mar. 25, 2011), *app. dismissed,* No. 11–1253 (2d Cir. Jan. 19, 2012). His petition alleges that fourteen days after I sentenced him, the state courts vacated one of his predicate convictions. He asserts that this would have changed his criminal history category.

The wrinkle is that petitioner has previously sought to vacate his sentence under 28 U.S.C. § 2255, and he did not raise this claim; that proceeding resulted in a final order against him long before he commenced this proceeding. His contention is that he did not know about the state court order during the proceedings on his first petition—the state courts failed to mail him the order despite several letters from him inquiring as to the status of his postconviction challenge, and he claims that he did not learn of the order until nearly 2 1/2 years after his motion was favorably decided, upon which he promptly commenced the instant proceeding. Thus, the initial question is whether the current petition is "second and successive;" lurking behind that is the question of whether he is barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

and further behind that is the issue of whether the appeal and collateral challenge waiver in his plea agreement precludes this action. I find that the petition is second and successive and therefore direct its transfer to the Second Circuit. In light of that disposition, I need not, and indeed cannot, reach the other issues regarding the petition.

### BACKGROUND

Petitioner pled guilty under 18 U.S.C. § 1951(a) to the armed robbery of a scrap metals store in conjunction with two accomplices. The primary issue at his sentencing was whether two prior state court drug felony convictions for which he had been sentenced on the same day should be counted separately or as one for purposes of the Sentencing Guidelines (the "intervening arrest issue"). If the convictions were counted separately, petitioner would fall into the "career offender" category of the Guidelines. *See* U.S.S.G. 4B1.1(a). This would mean that his criminal history category was six, and the resulting Guideline range would be 151–188 months. If the two convictions counted as one, then he would not qualify as a career offender. He would instead fall into criminal history category five, as he had ten criminal history points, and because of the resultant decrease in his offense level without the career offender enhancement, his Guidelines range would have been 110–137 months. The issue was novel and complex but need not be discussed in detail here; it suffices to note that I ruled against petitioner at sentencing and found him to be a career offender.[1]

In addition to the intervening arrest issue, petitioner's counsel alerted me at sen-

---

1. Briefly: Petitioner had been arrested without indictment, and then petitioner learned that the arrest was "dismissed," apparently a

term of art under state criminal procedure law, and he was released without charges. Then, without his knowledge, petitioner was

tencing to petitioner's then-pending motion in state court under N.Y.C.P.L. § 440.10 to set aside one of his prior misdemeanor convictions. Counsel further advised that the District Attorney had determined not to oppose that motion, and that petitioner expected that conviction to be vacated imminently. This argument was part of counsel's effort to minimize petitioner's criminal history for the purposes of 18 U.S.C. § 3553(a); vacatur of that misdemeanor conviction would have no impact on petitioner's Guidelines calculation because I had found him to be a career offender by virtue of his two prior felony convictions. I thus had the following exchange with defense counsel, after I found that petitioner was a career offender:

> THE COURT: Just wait. If that [vacatur of the misdemeanor conviction] happens that would leave us with two misdemeanors. It wouldn't affect the guidelines.

> MR. MIEDEL: Well, the guideline doesn't matter because he's a career offender. It would have mattered if he wasn't a career offender. It would have taken him out of Category Five and [put him into] Category Four, but let's assume for argument's sake that, in fact, that case would have been vacated, he would have two misdemeanor convictions since those prior two qualifying street level drug sales when he was 20 and 21 years old. That is not the criminal record of somebody who I think is generally envisioned by Congress as a career offender.

I agreed with defense counsel that the career criminal classification was wholly at odds with the other sentencing criteria under 18 U.S.C. § 3553(a) and therefore I gave the Guidelines "little weight" in determining the appropriate sentence. I imposed a non-guidelines sentence of 96 months' custody and three years criminal release. Judgment was entered on March 30, 2011. As cited above, petitioner attempted to appeal his sentence, but on January 19, 2012, the Second Circuit dismissed it on the basis of the appeal waiver in his plea agreement.

On February 16, 2012, petitioner filed his first habeas corpus petition (the "2012 petition" or "2012 proceeding"). His sole claim for relief was the same intervening arrest issue that had been resolved against him at sentencing. On March 8, 2012, I denied the petition for the same reason that the Circuit had dismissed his appeal, *i.e.*, the appeal waiver (which also waived collateral challenges) in his plea agreement. *Pabon v. United States,* No. 12 Civ. 870, 2012 WL 760580 (E.D.N.Y. Mar. 8, 2012). I denied a certificate of appealability, and petitioner did not attempt to appeal to the Second Circuit.

Petitioner commenced the instant proceeding for habeas corpus relief on September 20, 2013, about 18 months after denial of the 2012 petition. In it, he asserts that on September 6, 2013, he learned for the first time that, as his counsel had predicted at sentencing, the state court had granted his § 440.10 motion to vacate one of his prior misdemeanor convictions (the "vacatur order").[2] In fact,

---

indicted for that crime. He was then arrested for a second crime, and pled guilty to both crimes pursuant to a single plea agreement. The issue was thus whether the second arrest was an "intervening" arrest for Guidelines purposes, which would mean each crime counted separately, or, since he did not know he had been indicted on the first crime when

he was arrested for the second, whether the dismissal of the first arrest meant that there was no intervening arrest. *See* U.S.S.G. 4A1.2(a)(2).

**2.** The petition also asserts a claim under *Alleyne v. United States,* — U.S. —, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), with regard to

the state court had done this on April 8, 2011, fourteen days after I had sentenced petitioner. In his reply memorandum, petitioner explains that he "wrote the state Court several times inquiring the status of his C.P.L. 440.10, but never received an answer to those inquires until September 06, 2013. The clerk of the Court has the duty of notifying the parties about the decisions and/or the status of any open case, which in the present case, failed to do it." As to the effect of this vacatur order, petitioner asserts that "Pabon was sentenced to 96 months, the Court reached that calculation by the defendant having 10 criminal history points, resulting in category 5. And base offense level 22, resulting in a guideline range of 78–96 months." He therefore seeks resentencing as a criminal history category four offender.[3]

## DISCUSSION

■ The instant petition represents the second proceeding in which petitioner has sought a writ of habeas corpus under 28 U.S.C. § 2255. It is attacking the same sentence as in his prior § 2255 proceeding. It therefore attracts subsection (h)(1) of that statute, which provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. . . .

28 U.S.C. § 2255(h). Section 2244(3)(A), in turn, provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A).

AEDPA does not define a "second or successive application." The case law demonstrates that this is one area where courts have eschewed the common meaning of statutory language. "Courts have uniformly rejected a literal reading of Section 2244, concluding that a numerically second petition does not necessarily constitute a 'second' petition for the purposes of AEDPA." *James v. Walsh,* 308 F.3d 162, 167 (2d Cir.2002). Instead, a petition will be deemed "second or successive" if "a prior § 2255 petition, raising claims regarding the same conviction or sentence, has been decided on the merits." *Corrao v. United States,* 152 F.3d 188, 191 (2d Cir.1998).

■ The first question before me relates to the 2012 petition—was it decided "on the merits?" I did not expressly address the intervening arrest claim that petitioner again raised. Instead, I ruled on the petition on the basis of petitioner's waiver in his plea agreement of the right to collaterally challenge his conviction and sentence, although I noted in passing that I had already resolved the intervening ar-

a Guidelines enhancement I had applied at sentencing. I had determined as a factual matter that petitioner or his accomplices had brandished a firearm in the robbery. However, petitioner has withdrawn this *Alleyne* claim.

**3.** As explained below, I cannot reach the merits of the petition unless and until the Second Circuit grants leave to file it. However, I must note that this does mean that I am accepting or would accept petitioner's argument on the merits. Besides misstating the Guideline range that would have applied without the career offender enhancement, petitioner has ignored the fact that his Guideline range was, in fact, based on the career offender enhancement.

rest claim at sentencing. However, although I did not address the merits of the intervening arrest claim for a second time, the case law is clear that when a first petition challenging a conviction or sentence has been dismissed with prejudice, that constitutes an adjudication on the merits. *See, e.g., Thai v. United States,* 391 F.3d 491, 494 (2d Cir.2004). Similarly, if the first petition is denied on the ground of a procedural bar, that is also considered a denial on the merits. *Id.* at 495. I therefore conclude that the 2012 petition qualifies as an initial petition for purposes of § 2244 and § 2255.

Having established that the 2012 petition "counts" for § 2244 purposes, the next question is whether the instant petition is considered "second or successive." Petitioner contends that his petition is not "second or successive" because it is based on "newly discovered evidence" as defined in 28 U.S.C. § 2255(h), which in turn incorporates the standard of 28 U.S.C. § 2244(b)(2)(B). That statute requires, among other things, that the Court of Appeals shall allow a second or successive habeas petition if "the factual predicate for the claim could not have been discovered through the exercise of due diligence...." Petitioner places primary reliance on two cases to support his argument that his alleged failure to receive notice of the vacatur order means that the instant petition should not be considered second or successive.

The first is *Johnson v. United States,* 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). *Johnson* did not involve a second or successive habeas petition. The issue was whether the petitioner had commenced his proceeding within the one-year limitations period in 28 U.S.C. § 2255 where he did not obtain a state court order vacating one of his prior convictions until after the year had expired. The Supreme Court identified two operative dates in bracketing that inquiry. First, the petitioner's due diligence obligation—the obligation to commence a state court proceeding to vacate his predicate judgment—commenced with the date of his federal judgment, because he then knew beyond peradventure that the state court conviction had enhanced his federal sentence and he became obligated to seek relief from that. Assuming that a petitioner exercises such diligence (the Court found that Johnson had not, since he waited for three years after his federal judgment to commence his state court proceeding to vacate the state court predicate judgment), then the one-year limitations period in AEDPA begins to run "from the date he received notice of that vacatur," because "unless his mail goes astray his prompt discovery of this crucial fact is virtually guaranteed through official notice." *Johnson,* 544 U.S. at 307, 310, 125 S.Ct. 1571.

Petitioner seizes on the "date he received notice of that vacatur" language as indicating the relevant date for purposes of determining whether his petition is second or successive, rather than using the date on which the state court order was entered. In effect, he treats the vacatur order as non-existent for second and successive purposes until he received it on September 6, 2013. He therefore reasons that it is a "new" order which should be deemed to have been decided after disposition of the 2012 petition, and thus the instant petition cannot be second or successive because he could not have brought the present claim during the 2012 proceedings. Petitioner also correctly relies on *Johnson* to show that a state court order vacating a state court judgment can constitute a "newly discovered fact" for habeas corpus purposes. *See id.,* 544 U.S. at 306–08, 125 S.Ct. 1571.

There is an obvious linguistic and interpretative similarity between the application of due diligence to the one-year statute of limitations issue under § 2244(d)(1)(D) ("the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence") and the due diligence requirement with regard to newly discovered evidence that would allow a second or successive habeas petition under § 2244(b)(2)(B)(i) ("the factual predicate for the claim could not have been discovered previously through the exercise of due diligence"), but the context is clear that the former refers to an inquiry to be made by the district court and the latter refers to an inquiry by the Court of Appeals. In other words, the first type of due diligence may require a district court to find that the one-year time limitation has been satisfied, while the second type of due diligence may require a Court of Appeals to allow a second or successive petition. Indeed, in a given case, it may be that a Court of Appeals' determination that a petitioner has exercised due diligence in discovering the facts sufficient to allow his second petition constitutes binding authority on the district court on the issue of whether the petition should be deemed timely. But the fact remains that *Johnson* only concerned the inquiry to be made in the first instance by the district court, and is thus not strictly applicable to the present case.

Although *Johnson* was a one-year limitations case, not a second or successive case, petitioner also relies on *Stewart v.* *United States,* 646 F.3d 856 (11th Cir. 2011). In *Stewart,* the petitioner had completed his initial § 2255 proceeding (unsuccessfully). Simultaneously, he had been pursuing a motion to vacate a predicate state court conviction. Subsequent to final determination of his first habeas petition, the state court issued an order vacating his state court conviction, and he brought a second habeas petition. The Eleventh Circuit held that "[b]ecause the basis for the *Johnson* claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not 'second or successive.'" *Id.* at 865.

*Stewart* is factually distinguishable from petitioner's case because, in fact, the basis for petitioner's claim here did exist at the time of petitioner's initial § 2255 motion; he merely asserts that he did not know it because the state court failed to send him its order. However, not knowing of the vacatur order is not, despite petitioner's contention, the same as the vacatur order not existing, as in *Stewart.* Petitioner may have a valid excuse for not raising the instant claim during the 2012 proceeding, and it may cause the Court of Appeals to grant him leave to file a second petition under § 2244(b)(2)(B)(i)[4], but that is a separate question from whether this petition is second or successive.

The Second Circuit's decision in *Liriano v. United States,* 95 F.3d 119 (2d Cir.1996), is instructive. There, the petitioner claimed he could not have brought the claim raised in his second petition during the time when his first petition was pend-

---

**4.** In an analogous context, on the issue of whether to allow equitable tolling to the one-year time limit under AEDPA for filing a § 2254 petition when a petitioner fails to receive notice of the state court order that commences the period, the Second Circuit has applied a liberal standard in measuring the degree of due diligence which the petitioner must demonstrate. *See Diaz v. Kelly,* 515 F.3d 149, 155 (2d Cir.2008) ("We see no point in obliging a *pro se* litigant to pester a state court with frequent inquiries as to whether a pending motion has been decided, at least until a substantial period of time has elapsed.").

ing, because he lost his initial copy of the trial transcript and could not present his claim without it. It was the Second Circuit that determined that the petitioner's excuse did not satisfy the criteria of § 2244(b)(2); it did not remand or transfer to the district court to make that determination. For the same reason, petitioner's reliance on "newly discovered evidence" raises an issue for the Second Circuit to determine, not this Court.

In reaching this conclusion, I recognize that there is a difference in the legal ground asserted for allowing a second and successive petition in *Liriano* as compared to this case. The petitioner in *Liriano* relied on § 2244(b)(2)(A)—an alleged new rule of constitutional law—whereas petitioner here must rely on § 2244(b)(2)(B)(i)—a new factual predicate that could not have been discovered with due diligence. But it cannot be that § 2244(b) divides responsibility between the district court and the Court of Appeals depending upon which subsection is invoked. Since *Liriano* held that the § 2244(b) criteria for allowing or rejecting a second or successive petition should be determined by the Court of Appeals, which is the way the statute is constructed, petitioner's due diligence contention needs to be resolved there as well.

Having concluded that the petition here is a second or successive petition for which leave is required from the Second Circuit, I am required to transfer the petition to the Court of Appeals. *See Liriano*, 95 F.3d at 123. Indeed, I am without power to reach the merits of the case, including the issues of whether the petition is timely and whether it is barred by petitioner's waiver in his plea of agreement of the right to collaterally challenge his sentence. *See Corrao*, 152 F.3d at 191 ("We now hold that reaching the merits of an uncertified second or successive § 2255 petition im-

permissibly circumvents the AEDPA's gatekeeping provisions. As we stated in *Liriano*, it is important that courts in this Circuit follow 'a clear and comprehensive procedure' for handling second or successive § 2255 petitions.").

## CONCLUSION

The Clerk of the Court is directed to transfer this matter to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**