**Antonio MALLET, Petitioner,**

v.

**David MILLER, Respondent.**

**No. 05 Civ. 00070(VM).**

United States District Court, S.D. New York.

June 19, 2006.

**DECISION AND ORDER**

MARRERO, District Judge.

By Order dated May 26, 2006 ("the Order"), the Court denied the petition of Antonio Mallet ("Mallet") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Mallet now moves for an order pursuant to Local Civil Rule 6.3 granting reconsid-eration. Mallet's submission in support of his motion for reconsideration reiterates the same arguments that were set forth in his Petition and his memorandum of law that accompanied his petition. Accordingly, the motion for reconsideration is denied.

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). A motion for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001). Local Rule 6.3 is intended to " 'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.' " *Ashbury Capital Partners*, 2001 WL 604044, at *1 (*quoting Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the rule from being used as a substitute for appealing a final judgment. *See Montanile v. Nat'l Broad. Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999).

Mallet's request cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Order. Indeed,

the Court took into account and rejected the various considerations Mallet asserts as grounds for his petition. In the instant motion, Mallet urges reconsideration on the basis of precisely the same arguments that were raised in his petition and supporting documents, including the claims that Mallet was represented by ineffective counsel at trial and was framed by a corrupt police officer. Mallet asserts that his trial counsel, among other claimed deficiencies, failed to assert Mallet's speedy trial rights, failed to adequately investigate Mallet's case, and failed to advise Mallet of his right to testify. In addition, Mallet claims that the Court should reconsider its decision on the basis that one of the arresting officers in the case, Officer Nieves, was corrupt and conspired with the government's main witness against Mallet to frame him. Mallet points out, as he did in his petition and supporting papers, that Officer Nieves was not called to testify during his trial and asserts that Nieves was fired from the police force prior to trial. Each of these claims was considered at length by the Court prior to the issuance of its May 26, 2006 Order. Because Mallet has failed to identify any controlling law or factual matters put before the Court on the underlying petition that the Court demonstrably did not consider, the motion for reconsideration is denied.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of Petitioner Antonio Mallet (Docket No. 11) pursuant to Local Civil Rule 6.3 for reconsideration of the Order entered in this action on May 26, 2006 is DENIED.

**SO ORDERED.**