Antonio MALLET, Petitioner,

v.

David MILLER, Respondent.

No. 05 CIV. 00070(VM).

United States District Court, S.D. New York.

Aug. 3, 2006.

Eleanor Jackson Piel, New York City, for Petitioner.

## *DECISION AND ORDER*

MARRERO, District Judge.

By Order dated May 26, 2006, the Court denied the petition of Antonio Mallet ("Mallet") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Mallet v. Miller*, 432 F.Supp.2d 366 (S.D.N.Y.2006). Mallet subsequently filed a motion for reconsideration which the Court denied by Order dated June 14, 2006. *See Mallet v. Miller*, No. 05 Civ. 00702006 WL 1699567 (S.D.N.Y. June 20, 2006).

Mallet now again moves for reconsideration pursuant to Fed.R.Civ.P. 60(b) on the basis of "newly obtained" evidence. This evidence consists of the transcript of a Connecticut court proceeding in which Gregory Walker ("Walker"), the main government witnesses who testified at Mallet's trial, pled guilty to larceny. Mallet argues that the transcript demonstrates the existence of an undisclosed plea agreement between Walker and prosecutors and that the prosecutors' failure to disclose this alleged plea agreement constitutes a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Although Mallet characterizes this motion as one for reconsideration, it is in fact a "second or successive" petition for habeas relief because it seeks leave to present allegedly newly discovered evidence. *See Gonzalez v. Crosby*, 545 U.S. 524, ——, 125 S.Ct. 2641, 2647, 162 L.Ed.2d 480 (2005). This Court lacks jurisdiction to consider a second or successive habeas petition unless authorized by the Second Circuit. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the motion.").

In general, this Court should transfer a second or successive habeas petition to the Second Circuit if it is in the interest of justice. *See Liriano*, 95 F.3d at 123. In the present case, however, it is not in the interest of justice to transfer Mallet's petition because, for the reasons explained below, the petition is entirely without merit. Thus, Mallet's latest petition is dismissed. *See Terrence v. Artus*, No. 05 Civ. 5994, 2005 WL 1705299, at *2 (S.D.N.Y. July 20, 2005) (dismissing successive habeas petition that was clearly without merit).

A claim presented in a second or successive habeas application must be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim ... would be sufficient to establish by clear and convincing evidence that ... no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

■ Mallet's application clearly fails to meet any of these criteria to survive dismissal. First, it does not purport to rely on a new constitutional rule. Second, the allegedly newly discovered evidence he refers to consists of a transcript of a criminal court proceeding in connection with a case brought against Walker in Connecticut. That document has been in the public record since July of 1999. Mallet knew from testimony at his trial in March of 1999 that Walker had charges pending against him in Connecticut. With any degree of reasonable diligence, he could have discovered the transcript well before filing his petition for habeas relief in 2005. Third, there is nothing in the content of the transcript that would provide convincing evidence on which any reasonable factfinder could decide in favor of Mallet's innocence.

Indeed, it is doubtful whether this new evidence adds to Mallet's theory at all. Mallet argues that the transcript incontrovertibly demonstrates that Walker was promised probation on his pending Connecticut larceny charge in exchange for testifying in the case against Mallet in Bronx County, New York. Mallet further asserts that under *Brady*, prosecutors were obliged to disclose this arrangement so that it could be raised during cross-examination.

These arguments amount to spurious surmise at best. First, insofar as the proceeding that the transcript in question recorded did not occur until several months *after* Mallet's trial, the document obviously cannot properly qualify as exculpatory *Brady* material that the Bronx prosecutor was obligated to provide. Second, it is a speculative reach to suggest that the transcript of Walker's proceedings is clear proof that Mallet's prosecutor in the Bronx made a specific plea arrangement with Walker's prosecutor in Connecticut that somehow qualified as *Brady* material to which Mallet had a right to disclosure. Moreover, Mallet's attorney did question Walker at trial about the pending Connecticut charge and about the benefit Walker would receive from testifying against Mallet. Walker responded that the Bronx prosecutor promised to make a call on Walker's behalf to the Connecticut prosecutor. Thus, Mallet's theory that the Bronx prosecutors prevented him from cross-examining Walker about how his testimony in the Mallet case would affect his pending Connecticut prosecution simply does not comport with the trial record.

Since Mallet's second or subsequent habeas petition so clearly does not survive dismissal under 28 U.S.C. § 2244, the Court declines to transfer it to the Second Circuit and instead dismisses it in the interest of judicial economy. The Court notes that Mallet has an appeal of an earlier denial of a certificate of appealability currently pending before the Second Circuit. Thus, the Second Circuit could consider that appeal together with any appeal of this dismissal.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the request of Petitioner Antonio Mallet for reconsideration of the Court's Decision and Order dated May 26, 2006 is DENIED and his subsequent petition filed on June 20, 2006, for habeas relief is DISMISSED.

**SO ORDERED.**