Antonio MALLET, Petitioner,

v.

David MILLER, Superintendent,
Eastern Correctional Facility,
Respondent.

No. 05 Civ. 00070(VM).

United States District Court,
S.D. New York.

May 9, 2008.

Eleanor Jackson Piel, Lead Attorney, Eleanor Jackson Piel, Attorney at Law, New York City, for Petitioner.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Antonio Mallet ("Mallet") filed a motion seeking an order pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") to vacate the Court's judgment of May 26, 2006, which denied Mallet's petition for a writ of habeas corpus. Mallet's motion is based on alleged newly discovered evidence. Respondent has opposed the motion. Upon due consideration of the papers submitted in support of and against Mallet's application, the motion is DENIED.

■ What Mallet claims as newly discovered evidence is grounded on his reading of an article published in the *New York Law Journal* on September 15, 2005, long before this Court's denial of Mallet's petition on May 26, 2006. It is not entirely clear how the information contained in the newspaper article in question could properly be characterized as sufficient evidence relevant to Mallet's case and entitling him to the extraordinary judicial relief he seeks. Nonetheless, a Rule 60(b) motion may be granted only on a sufficient showing of exceptional circumstances. *See Nemaizer v. Baker,* 793 F.2d 58, 61 (2nd Cir.1986) (stating that Rule 60(b) "may not be used as a substitute for a timely appeal"). However the journal's piece may be classified for the purposes of Mallet's motion is immaterial. First, because the

motion was submitted pursuant to Rule 60(b)(2), the applicable time period for it to be filed is one year after the entry of the underlying judgment. Thus, with the exercise of due diligence, the document Mallet relies upon as newly discovered evidence could have been obtained well before the deadline to file a timely motion. Under this rule, Mallet's motion is time-barred. Second, the Court is not persuaded that the evidence in question regarding the alleged additional expertise in microcopics of the detective who examined the bullet used to kill the victim in this case constitutes exceptional circumstances satisfying the applicable standard. The Court finds that the proffered information is not only not "new" within the meaning of 28 U.S.C. § 2244(b), but that, even if considered, it would not be sufficient to establish by clear and convincing evidence that no reasonable jury would have found Mallet guilty of the offense, given the substantial record otherwise supporting his conviction.

### ORDER

For the reasons stated above, the motion (Docket No. 21) of petitioner Antonio Mallet for an order pursuant to Federal Rule of Civil Procedure 60(b) to vacate the Court's judgment of May 26, 2006 is DENIED.

**SO ORDERED.**