**Antonio MALLET, Petitioner,**

v.

**David MILLER, Respondent.**

**No. 05 Civ. 70(VM).**

United States District Court, S.D. New York.

July 9, 2013.

Eleanor Jackson Piel, Eleanor Jackson Piel, Attorney at Law, New York, NY, for Petitioner.

## *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

By Order dated May 26, 2006, the Court denied the petition of Antonio Mallet ("Mallet") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Mallet v. Miller*, 432 F.Supp.2d 366 (S.D.N.Y.2006). Mallet subsequently filed a motion for reconsideration which the Court denied. *See Mallet v. Miller*, 438 F.Supp.2d 276 (S.D.N.Y.2006). Shortly thereafter, Mallet moved for reconsideration pursuant to Federal Rule of Civil Procedure ("Rule 60(b)") which the Court denied. *See Mallet v. Miller*, 442 F.Supp.2d 156 (S.D.N.Y. 2006). Then Mallet filed another motion pursuant to Rule 60(b) seeking to vacate the Court's judgment of May 26, 2006.

The Court denied this motion as well. *See Mallet v. Miller*, 553 F.Supp.2d 336 (S.D.N.Y.2008).

Mallet has now filed yet another motion to vacate the Court's original May 26, 2006 judgment pursuant to Rule 60(b). His grounds appear similar to his previous motions, although his specific factual contentions differ: he again argues that the prosecution withheld material in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), this time in the form of evidence relating to pending criminal charges against the prosecution's eyewitness, Gregory Walker.

 Although Mallet characterizes this motion as one for relief from the Court's prior decision in his habeas case, it is in fact a "second or successive" petition for habeas relief because it attacks his underlying conviction and not the integrity of the previous habeas proceeding. *See Harris v. United States*, 367 F.3d 74, 82 (2d Cir.2004). "Rule 60(b) is 'only available with respect to a previous habeas proceeding when the motion challenges the integrity of the habeas proceeding.'" *Pimentel v. United States*, Nos. 96 Civ. 5891, 91 Cr. 83, 2008 WL 2151796, at *8 (S.D.N.Y. May 21, 2008).

Mallet's claim that the prosecution's ongoing failure to meet its *Brady* obligation deprived him of due process is simply too attenuated to be read as a challenge to the integrity of the previous habeas proceeding. Walker's criminal history was not at issue in the prior habeas proceeding before the Court, and Mallet's current attempt to bootstrap that issue to the prior filing is unavailing. The mere fact that the prose-

cution's *Brady* obligation may be subject to ongoing challenge does not render every subsequent filing as a challenge to the integrity of an initial habeas proceeding. Indeed, courts have rejected Rule 60(b) motions raising *Brady* claims unrelated to the prior habeas proceeding. *See, e.g., id.,* at *8 (treating *Brady* claims raised under Rule 60(b) motion as successive habeas petition where the claims were not raised in the prior habeas action); *Oyague v. Artuz*, No. 98 Civ. 6372, 2008 WL 5395748, at *13 (E.D.N.Y. Dec. 12, 2008) (same).[1] To hold otherwise would allow this type of exception to swallow the rule.

Because Mallet's Rule 60(b) motion attacks his underlying conviction, it is a second or successive habeas petition. In general, this Court should transfer a second or successive habeas petition to the Second Circuit if it is in the interest of justice. *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the motion.").

 In the present case, however, it is not in the interest of justice to transfer Mallet's petition because, for the reasons explained below, the petition is entirely without merit. Thus, Mallet's latest petition is dismissed. *See Terrence v. Artus*, No. 05 Civ. 5994, 2005 WL 1705299, at *2 (S.D.N.Y. July 20, 2005) (dismissing successive habeas petition that was clearly without merit).

---

1. Mallet cites *Graves v. Smith*, 811 F.Supp.2d 601 (E.D.N.Y.2011), in support of his contention that his current *Brady* claim infects his previous habeas case. In fact, the distinguishing characteristics of *Graves* further underscore the Court's point: in that case, un-

like here, the petitioner explicitly raised the same *Brady* issue regarding the criminal history of a witness in both his initial habeas petition and his Rule 60(b) motion. *See* 811 F.Supp.2d at 606–07.

A claim presented in a second or successive habeas application must be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim ... would be sufficient to establish by clear and convincing evidence that ... no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Mallet's application clearly fails to meet any of these criteria to survive dismissal. First, it does not purport to rely on a new constitutional rule. Second, even if the factual predicate to Mallet's claim regarding Walker's criminal records dating back to the time of his initial trial could not have been discovered previously through the exercise of due diligence (he does not explain why an investigator uncovered them in 2011), the most favorable reading of Mallet's arguments does not provide clear and convincing evidence that no reasonable factfinder would have found Mallet guilty.

The thrust of Mallet's argument is that the prosecution violated its *Brady* obligation by failing to inform the defense that Walker had three open felonies and an open misdemeanor in Virginia. Mallet asserts that these Virginia arrests, combined with the fact that Walker was a "fugitive" in Virginia, constitute impeachment evidence strong enough to undermine his guilty verdict. But his own pleadings undermine this argument: as Mallet notes, the defense cross-examined Walker on his disclosed conviction for auto theft in Connecticut, and impeached him on prior inconsistent statements he made to police following that incident. It is difficult to see how evidence of other arrests for auto theft—not even convictions—would have further undermined Walker's credibility (he also testified to having received the benefits he would receive as a result of his testimony in the trial) and altered the result of the trial. *See Butts v. Artuz*, No. 03 Civ. 5941, 2005 WL 503939, at *12 (E.D.N.Y. Feb. 2, 2005) (defendant failed to establish that disclosure of witness's arrest records would have altered the trial result where defense counsel had the opportunity to impeach the witness's credibility "by examining his extensive prior criminal record in detail" such that the "arrest records could only serve to merely furnish 'an additional basis on which to impeach a witness whose credibility has already been shown to be questionable' ") (*quoting United States v. Amiel*, 95 F.3d 135, 145 (2d Cir.1996)). Walker's background as an auto thief was well established. Further, despite Mallet's claims, it is difficult to see how news of these arrests would have solidified the argument that Walker lied about this background. If anything, the pending arrests would have been much less probative than his actual conviction for the same charge, of which the jury was made aware.[2]

Since Mallet's second or subsequent habeas petition does not survive dismissal under 28 U.S.C. § 2244, the Court declines to transfer it to the Second Circuit and

---

**2.** The Court need not focus separately on Mallet's "newly discovered evidence" claim, as it is grounded on the same issues and evidence as discussed above, but pauses to add only that such claims necessarily fail where, as here, the evidence in question merely serves to impeach. *See People v. Salemi*, 309 N.Y. 208, 216, 128 N.E.2d 377 (1955).

instead dismisses it in the interest of judicial economy.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the request of Petitioner Antonio Mallet for relief from the Court's Decision and Order dated May 26, 2006 is **DENIED.**

**SO ORDERED.**