**UNITED STATES of America,**
Appellee,

v.

**Esteban GONZALEZ, Defendant–**
**Appellant,**

Alfredo Colon, Defendant.

Nos. 03–1332–cr (L), 03–1672–cr (CON), 06–2440–cr (CON), 06–2441–cr (CON), 06–4242–cr (CON).

United States Court of Appeals, Second Circuit.

Aug. 29, 2008.

Michael Young, New York, NY, for Appellant.

John J. O'Donnell, Jonathan S. Kolodner, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: ROGER J. MINER, JOSEPH M. McLAUGHLIN and ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Esteban Gonzalez appeals from a judgment of the United States District Court for the Southern District of New York (Mukasey, *C.J.*), entered on September 6, 2006, convicting him, after a jury trial, of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and sentencing him, as an armed career criminal under 18 U.S.C. § 924(e), to 210 months' imprisonment, to run consecutively to another sentence to which Gonzalez was already subject, three years' supervised release, and a $50 special assessment. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Gonzalez's trial concluded on November 1, 1994, when a jury found him guilty. On January 11, 1996, Judge Knapp sentenced Gonzalez principally to 180 months' imprisonment. On April 4, 1997, we affirmed Gonzalez's conviction but vacated and remanded for resentencing. *See United States v. Gonzalez*, 110 F.3d 936 (2d Cir. 1997). On October 15, 1999, following the remand, but prior to resentencing, Gonzalez filed a post-conviction motion with Judge Knapp claiming that his trial counsel had been constitutionally ineffective because of a *per se* conflict of interest. Gonzalez alternatively styled his motion as a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, or a petition for post-conviction relief pursuant to 28 U.S.C. § 2241 or § 2255. On September 25, 2003, after an evidentiary hearing, Judge Knapp denied the motion in a written decision, alternatively as untimely and on the merits. The case was then reassigned to then-Chief Judge Mukasey. Gonzalez filed a motion seeking Judge Mukasey's recusal and seeking to vacate Judge Knapp's September 25, 2003 opinion and order. On March 22, 2006, Judge Mukasey denied Gonzalez's motions in a written decision and order. Judge Mukasey found that jurisdiction existed under Section 2241 for Judge Knapp's September 25, 2003 opinion and order. On August 30, 2006, Judge Mukasey reached the sole issue presented by our earlier mandate and resentenced Gonzalez.

Gonzalez first challenges the merits of Judge Knapp's decision to deny his new trial motion. We need not reach these arguments, because Judge Knapp correctly ruled that the Rule 33 motion was untimely. Gonzalez's Rule 33 motion, filed more than five years after the jury verdict, far exceeded the seven-day time limit for motions for a new trial on any ground other than newly discovered evidence set forth in Rule 33. *See* Fed. R.Crim. Pro. 33(b)(2).

Although Gonzalez styled his motion in the alternative as a Section 2241 petition or a Section 2255 motion, his motion could not have been so adjudicated. We addressed this same issue in *Stantini v. United States*, where the defendant, "[w]hile in custody following his conviction but before he was sentenced ... filed a motion pursuant to Fed.R.Crim.P. 33 and what was styled a motion pursuant to § 2255 (the "Initial Motion"), both seeking a new trial." 140 F.3d 424, 425 (2d Cir. 1998). In *Stantini*, we addressed whether, though styled as a Section 2255 motion and adjudicated as such, the motion was in fact made under Section 2255. We held that it was not:

Applying the statutory language of § 2255 to this case, it becomes immediately clear that the Initial Motion was not a motion made pursuant to § 2255. The statute explicitly states that "[a] prisoner in custody *under sentence of a court*" may bring such a motion, for the purpose of vacating, setting aside, or correcting "*the sentence*." 28 U.S.C. § 2255 (emphasis added). Simply, as [the defendant] was not in custody under a sentence at the time he filed the Initial Motion and at the time that motion was decided, it is not properly considered a § 2255 motion.

*Id.* at 426 (emphasis in original). Because Gonzalez made the motion while awaiting resentencing, and hence not while "under sentence of a court," the motion was not made under Section 2255. *See id.* Similarly, because the motion named the United States rather than Gonzalez's custodian as the respondent, was brought in the Southern District even though he was held in the Eastern District, and challenged the validity of his conviction rather than the execution of his sentence, it was not a petition brought under Section 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426, 437, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) ("Whenever a § 2241 habeas petitioner

seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir.1997) (noting that unless the savings clause of Section 2255 is invoked, Section 2241 allows one to bring only a "challenge to the *execution* of a sentence," not to challenge the conviction).

In sum, the motion was brought under Rule 33 and it was untimely. The September 25, 2003 judgment on the merits of the Rule 33 motion, therefore, must be vacated. Because Judge Mukasey, in his March 22, 2006 decision and order, found that jurisdiction existed under Section 2241 and denied the motion to vacate the September 25, 2003 judgment, we vacate this aspect of the March 22, 2006 decision and order. We take no view on the merits of the Rule 33 motion, and Gonzalez may raise his claim of ineffective assistance of counsel, without prejudice, in a future Section 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (noting that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance"); *see also Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 45 (2d Cir.1986) ("[I]f an appeal is taken and the appellate court affirms on one ground and disregards the other, there is no collateral estoppel as to the unreviewed ground.").

Gonzalez next challenges the district court's decision to impose a consecutive sentence. On December 7, 2000, Gonzalez was found guilty of a prison assault with a dangerous weapon. At the time of sentencing for the assault conviction, Gonzalez was in prison pursuant to the 1994 conviction now under consideration, but because his sentence for the 1994 offense had been vacated, he was not then under a sentence

for the 1994 conviction. On January 22, 2002, Judge Cote, the district judge who adjudicated the prison assault case, sentenced Gonzalez to 150 months' imprisonment, to be served consecutively to his sentence for the 1994 conviction. As Judge Mukasey recognized, however, this was error, because at the time of sentencing for the prison assault, Gonzalez was not yet under a sentence for the 1994 conviction. *See United States v. Donoso,* 521 F.3d 144, 149 (2d Cir.2008) (per curiam) ("[Section] 3584(a) does not authorize a district court to direct that a defendant's federal sentence run consecutively to a not-yet-imposed ... sentence."). Judge Mukasey, nonetheless, decided to give effect to Judge Cote's conclusion that the sentences should run consecutively. This was, in fact, the *only* reason Judge Mukasey gave for imposing a consecutive sentence:

> The Court: Judge Cote I think made it clear that she thought that any sentence imposed in her case should be consecutive to the sentence imposed here. And just as I am not going to undo Judge Knapp's determination [that the evidence was insufficient to show that Gonzalez shot at the police officer], I'm not going to undo hers neither [sic].
>
> [Gonzalez's Counsel]: I want to point out that I think even the government realizes that she didn't have the authority to do that at the time because—
>
> The Court: That's correct. She did not have the authority to do it simply because no sentence had been imposed.... The point is that the only occasion for this is a series of misadventures.

Thus, Judge Mukasey, in sole reliance on Judge Cote's errant decision, sentenced Gonzalez to 210 months' imprisonment, to run consecutively to the 150 months' imprisonment imposed by Judge Cote. This was error, if only because Judge Cote's decision was in error. Further, we "ques-

tion whether it was appropriate for Judge [Mukasey] to have hewed so closely to the [consecutive] sentence imposed on [Gonzalez, by Judge Cote] without making his own assessment of an appropriate sentence and exercising the sound judgment for which he is held in such high regard." *United States v. Williams,* 524 F.3d 209, 216 (2d Cir.2008).

We have carefully considered the remainder of Gonzalez's arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the decision of the district court on the the term of imprisonment, the terms of supervised release and the special assessment, but we VACATE the decision to impose the sentence consecutively to his prior sentence and REMAND for further consideration of whether to make this sentence consecutive to, or concurrent with, the assault sentence. We VACATE the March 22, 2006 order of the district court with respect to the Rule 33 motion, VACATE the September 25, 2003 judgment, and DISMISS the Rule 33 motion as untimely.